# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-00131-FDW
# 3:19-cr-00158-FDW-DSC-1

| | |
|---|---|
| DENNIS DARNELL STURDIVANT, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

Petitioner filed the instant § 2255 Motion to Vacate on March 3, 2020. [Doc. 1]. A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Here, Petitioner has directly appealed his conviction and sentence, and his appeal remains pending. [Criminal Case No. 3:19-cr-158, Doc. 27: Notice of Appeal]. A Section 2255 motion attacking the same conviction and sentence that is the subject of a pending, direct appeal is

premature.  See United States v. Gardner, 132 F.App'x. 467, 468 (4th Cir. 2005).  As such, the Court will dismiss the Petitioner's motion without prejudice and without addressing its merits. The Petitioner may refile a Section 2255 Petition, if at all, once his appeal has been decided.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Signed: March 5, 2020

Frank D. Whitney
Chief United States District Judge